IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOORISH SCIENCE TEMPLE OF AMERICA ASIATIC NATION OF NORTH AMERICA, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-mc-53-E-BN |
| UNITED STATES OF AMERICA, INC., ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

The Court opened this miscellaneous action on the filing of Plaintiff Moorish Science Temple of America Asiatic Nation of North America's ("Plaintiff") International Public Notice and Affidavit of Conveyance of Trust Property to Heir of Fee Simple Vast Estate Trust [Dkt. No. 1] (the "Complaint"). United States District Judge Ada Brown then referred this action to undersigned United States magistrate judge under 28 U.S.C. § 636(b). *See* Dkt. No. 2. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* dismiss this action for lack of subject matter jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider.");

*Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

By filing this lawsuit in federal court, Plaintiff took on the burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if Plaintiff does not establish federal jurisdiction, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction

depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

I. <u>Diversity Jurisdiction</u>

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a), (b).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Potentially applicable here, a plaintiff's "purported status as a ... 'Moorish-American' does not create diversity jurisdiction where all parties are domiciled in the

same state." *Abdul Hakim Bey v. U.S. Legislature*, No. 17-CV-7569 (CM), 2017 WL 6611052, at *2 (S.D.N.Y. Oct. 25, 2017) (citing *Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013); *Sanders-Bey v. United States*, Nos. 07-2204, 07-3891, 2008 WL 506328, at *2 (7th Cir. Feb. 25, 2008)); *see also Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *6 (D. Neb. June 13, 2019) ("Knight does not purport to invoke the court's 'diversity of citizenship' jurisdiction, under 28 U.S.C. § 1332, nor could she legitimately do so based on her alleged status as 'a citizen of the Moorish National Republic Federal Government, Northwest Africa.'" (citations omitted)).

Regardless, Plaintiff's failure "to adequately allege the basis for diversity jurisdiction [in the Complaint] mandates dismissal" to the extent that federal jurisdiction depends on Section 1332. *Dos Santos*, 516 F. App'x at 403.

II.  Federal Question Jurisdiction

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

But "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). "[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

To the extent that Plaintiff relies on Section 1331 to establish this Court's jurisdiction, if the Complaint on its face lacks a "substantial, disputed question of federal law," *Hot-Hed*, 477 F.3d at 323, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim" is proper if the federal claim asserted is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida*, 414 U.S. at 666); *cf. Atakapa*, 943 F.3d at 1007 ("Federal courts lack power to entertain [ ] 'wholly insubstantial and frivolous' claims." (quoting *Southpark Square*, 565 F.2d at 343-44)).

"Determining whether a claim is 'wholly insubstantial and frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so

clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.'" *Atakapa*, 943 F.3d at 1007 (quoting *Southpark Square*, 565 F.2d at 342). But, even if a

> claim is not foreclosed by prior authoritative decisions, it must be more than frivolous to support federal question jurisdiction. In determining substantiality, we must ask "whether there is any legal substance to the position the plaintiff is presenting." The test here "is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists."

*Southpark Square*, 565 F.2d at 342-43 (citations omitted).

The trust claims Plaintiff appears to advance in the Complaint seem to "derive from the so-called 'sovereign citizen movement' and are legally frivolous." *Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018); *see id.* (noting that "[s]overeign-citizen legal arguments … are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to 'avoid paying taxes, extinguish debts, and derail criminal proceedings.' However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." (citations omitted)).

While the court in *Westfall* observed that "[c]ourts routinely dismiss sovereign citizen claims," *id.*, such claims also fail to present a substantial federal question and

therefore cannot be the basis of jurisdiction under Section 1332, *see, e.g., Linge v. State of Georgia, Inc.*, 596 F. App'x 895, 896 (11th Cir. 2014) (per curiam) ("[T]o the extent that he more broadly argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is 'wholly insubstantial and frivolous.' *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (stating a federal court may dismiss a federal claim for lack of subject matter jurisdiction if the claim is 'wholly insubstantial and frivolous').").

III. Leave to Amend

That the Complaint lacks a basis for federal jurisdiction was so apparent, the undersigned did not enter a show cause order prior to recommending that the Court dismiss this action *sua sponte*. But, if Plaintiff believes that the Complaint can be amended to establish a basis for federal jurisdiction, the 14-day period for filing objections to these findings, conclusions, and recommendation affords Plaintiff an opportunity to amend the Complaint accordingly.

**Recommendation**

The Court should *sua sponte* dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 11, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE